# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

MAR - 6 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By_____ Deputy Clerk

JEMAINE MONTEIL CANNON, )
)
Plaintiff, )
)
v. ) No. CIV 08-191-RAW-SPS
)
CHESTER MASON, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on Defendants Mason and Stewart's motion to dismiss. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #17], plaintiff's response [Docket #18], and the defendants' replies [Docket #20 and #21].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration there. The defendants are Chester Mason, OSP Health Services Administrator; Dr. Raymond Stewart, OSP health care provider; and Jane Doe, OSP nurse.[1,2]

---

[1] Defendant Jane Doe has not been served.

[2] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their

Plaintiff alleges that on the evening of November 15, 2007, Defendant Jane Doe came to his cell door with medications that Defendant Dr. Stewart had determined to be "vital." In conflict with established medical policies, however, Nurse Doe required plaintiff to sign a document before he could receive his medications. Plaintiff advised Nurse Doe that the medical policy did not require signatures before prescriptions could be dispensed, but Doe refused to give plaintiff his medications without the signature.

Plaintiff claims that on November 16, 2007, he submitted an emergency/sensitive grievance to Defendant Chester Mason, asking to receive his medications. Mason allegedly never responded to the grievance, but a December 4, 2007 letter from the Medical Services Administrator advised plaintiff that his claim was not of a sensitive or emergency nature. Plaintiff was further advised that he must submit a Request for Medical Services form for any assistance with his health concerns.

Defendants Mason and Stewart have filed a motion to dismiss, alleging plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his

---

official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident or of the date of the Request to Staff response, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

Plaintiff asserts he sent a grievance to Defendant Mason, concerning the allegations in his complaint, but Mason did not respond. There is no evidence, however, that plaintiff followed DOC policy by first using the informal process of the Request to Staff. According

3

to an affidavit by Debbie Morton, Administrative Programs Officer of DOC's Administrative Review Unit, the offender grievance records reflect that plaintiff has not submitted any type of grievance correspondence to the Administrative Review Unit since September 2000. In addition, an affidavit by Mike Murray, Nurse Manager of DOC's Medical Service Administration, states plaintiff has failed to file a proper and timely grievance appeal regarding the matter presented in this complaint. Therefore, the court finds plaintiff has failed to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The defendants also have asked the court to find that plaintiff's complaint is frivolous or malicious. They allege one of plaintiff's prior civil rights complaints was dismissed for failure to exhaust administrative remedies, so he should have been aware of the requirements of 42 U.S.C. § 1997e. *See Cannon v. Mason*, No. CIV-07-127-FHS-SPS (E.D. Okla. Dec. 19, 2007), *aff'd* No. 08-7005 (10th Cir. July 17, 2008). This court since has dismissed another of plaintiff's complaints for the same reason. *See Cannon v. Mason*, No. CIV-08-189-FHS (E.D. Okla. Nov. 17, 2008), *appeal docketed*, No. 08-7117 (10th Cir. Dec. 9, 2008). Both of these dismissed cases concerned plaintiff's complaints about his medical care at OSP.

The defendants further point out that, in addition to this case now at issue and the two cases cited above, in 2008 plaintiff filed five other cases in this court, all of which concerned his medical treatment at OSP. *See Cannon v. Wright*, No. CIV 08-130-RAW-SPS; *Cannon v. Mason*, No. CIV 08-148-RAW-SPS; *Cannon v. Mason*, No. CIV 08-188-RAW-SPS; *Cannon v. Mason*, No. CIV 08-192-RAW-SPS; and *Cannon v. Mason*, No. CIV 08-193-RAW-SPS. According to the defendants, all of these cases were filed before plaintiff exhausted his administrative remedies, so all should fail. The defendants maintain plaintiff's

4

filing of these deficient actions is a form of harassing the medical staff at OSP, and this complaint should be dismissed as frivolous or malicious.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's claim in this case is that the nurse required him to sign a form before she would dispense his medication. Plaintiff contends the signature requirement was a violation of established medical policy, so he was unconstitutionally deprived of his medications. He does not deny that medication was offered, but he is objecting to the nurse's procedures in administering it.

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (citations and footnotes omitted).

Here, the court finds plaintiff was provided with treatment for his medical conditions, but he refused to cooperate with the medical staff's protocol for receiving his prescriptions. Plaintiff offers no explanation for his refusal, except that he believed he was not required to sign paperwork before receiving his medication. These allegations clearly do not state an Eighth Amendment claim.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional

5

violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #17] is GRANTED, and this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 6th day of March 2009.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**